Redacted by Clerk of Court

**ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Tuesday, September 15, 2020 10:29:39 AM
CASE NUMBER: 2020 CV 03562  Docket ID: 34895232
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO**

## IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO
## GENERAL DIVISION

| | | |
|---|---|---|
| **Linda Harrison** | : | CASE NO. _____ |
| 739 Mt Clair Avenue | | (Judge _____) |
| Dayton, Ohio 45417, | : | |
| | | |
| **Plaintiff,** | : | |
| | | |
| v. | : | **COMPLAINT** |
| | | (Jury Demand Endorsed) |
| **ALLSTATE VEHICLE AND PROPERTY** | | |
| **INSURANCE COMPANY** | : | |
| c/o Cali & Associates | | |
| 3390 Woodman Drive | : | |
| Dayton, Ohio 45429, | | |
| | : | |
| And | | |
| | : | |
| **ALLSTATE VEHICLE AND PROPERTY** | | |
| **INSURANCE COMPANY** | | |
| 2775 Sanders Road | : | |
| Northbrook, Illinois 60062 | | |
| | : | |
| **Defendants.** | | |

Now comes Linda Harrison, and for her COMPLAINT against Defendant, Allstate Vehicle And Property Insurance Company states as follows:

## FACTS

1. Plaintiff, Linda Harrison is and at all times pertinent has been the owner of a single- family residence at 759 Heck Avenue, Dayton, Ohio 45417 in Montgomery County, Ohio.

2. Allstate Vehicle and Property Insurance Company, (hereafter "Allstate") is a foreign corporation and an insurance company duly authorized and operating in the State of Ohio, including issuing contracts of insurance within and to residents of the State of Ohio, including house and home policies.

3. Harrison purchased from Allstate and Allstate sold to Harrison through its agents at Cali and Associates, 3390 Woodman Drive, Dayton, Ohio 45429, a contract of house and home insurance identified as policy number 992643412, with effective dates from March 24, 2019 through March 24, 2020 which insured Harrison's residence at 759 Heck Avenue. A true and accurate copy of the policy and declarations page is appended and incorporated as Exhibit A.

4. Harrison and a housemate and business partner, Brad Millward, resided at 759 Heck Avenue when they were in Ohio, which for the last three years has been approximately 9 months out of the year. They also maintain a second residence in the State of California.

5. In May, 2019, an individual named Garry Brown approached Harrison about potentially a one bedroom apartment she owned. After several weeks, Brown then inquired about renting the Heck Avenue home where Harrison and Millward lived. Harrison and Millward were working on renovating another house in Dayton they hoped to finish and move to by later in 2019 and so discussed the potential rental of the Heck Avenue house to Brown.

6. After commencing these discussions but before any final agreement was reached, Brown

stayed with Harrison and Millward at 759 Heck Avenue as a guest, staying in one bedroom of the house.

7. During the time Brown was a guest, the rest of the home was furnished with and stored Harrison's belongings, including furniture, clothes, tools, and household goods throughout the home, including in the attic, basement and garage.

8. After a period of time it became clear that a mutually acceptable rental agreement was not going to be reached with Brown regarding the Heck Avenue house. As Brown had moved belongings into a bedroom of the house, Harrison pursued an eviction procedure with regard to Brown to ensure he was legally ordered out of the house.

9. Harrison served a three day notice to leave premises on Brown at the Heck Avenue address on or about August 11, 2019.

10. Harrison and Millward then traveled to their California residence for a week with the intention, in part, of permitting Brown time and space to move out of the Heck Avenue house.

11. Harrison and Millward returned to their Heck Avenue home after a week to find that Brown had not vacated the premises. Consequently, an eviction complaint was filed and an order was issued by the court on or about September 6, 2019 granting restitution of the premises to Harrison and ordering Brown to leave by September 16, 2019.

12. Harrison went with a bailiff on September 17, 2019, to ensure Brown had left the home. When they arrived, they found the front door broken, damage to the interior of the home, including to doors, walls, floors, and fixtures, and many of Harrison's personal property and furnishings missing.

13. Harrison immediately contacted the police to report the theft and damage. A police report was started that date but not completed. A detective was later assigned.

14. Harrison also contacted her Allstate agent at Cali and Associates, Brenda Mott, within 2 hours of discovering the loss and damage on September 17, 2019. Phone records indicated that they had an eleven minute conversation at that time.

15. Mott requested a copy of the police report and a list of the items stolen but did not provide a claim number at that time.

16. Although it took some time after the theft and damage to obtain a police report with a list of items stolen and/or damaged and send it to Allstate, Harrison did so, as well as providing a requested list of additional missing and/or damaged property on or about January 30, 2020.

17. Allstate requested a sworn statement and proof of loss be provided under cover of letter dated February 7, 2020, as well as Harrison's execution of a non-waiver agreement in favor of Allstate and an authorization to collect personal records. Harrison complied with this request and executed all the requested documents on or about March 9, 2020. A true and accurate copy of the Sworn Statement and Proof of Loss is attached as Exhibit B.

18. Harrison has repeatedly followed up with Allstate and the claims handler assigned, Shane Otto, provided an inventory of missing personal property, a true and accurate copy of which is attached as Exhibit C and provided what receipts and documents as well as photos that she has available in further support of her property loss and damage claims. However, Allstate has made no payments for her home and personal property loss and damage to date.

4

19. Harrison has complied with all her duties and obligations under the policy and all requests of Allstate to date.

20. Belatedly, on or about September 4, 2020, an attorney for Allstate contacted Harrison requesting an examination under oath related to the claim submitted for the Heck Avenue home, notwithstanding the fact that the insurance contract at issue bears a one-year contractual limitation period, thus effectively eliminating any practical ability of Harrison to conclude this claim within that period without suit.

21. In order to protect her rights under and related to the Allstate policy and the claims handling associated with it and comply with the one-year contractual limitation period, Harrison has filed the present litigation.

### First Cause of Action – Breach of Contract

22. Plaintiff Harrison incorporates by reference each and every allegation and assertion set forth above in Complaint paragraphs 1-21 as if fully rewritten herein.

23. Harrison has complied or substantially complied with all policy obligations and conditions.

24. Notwithstanding Allstate's acceptance of and agreement to adjust and pay Harrison's claims under the aforementioned policy, Allstate has failed and/or refused to perform its obligations to Harrison to her damage in an amount to be determined at trial, but not less than $50,000.00.

### Second Cause of Action – Bad Faith

25. Plaintiff Harrison incorporates by reference each and every allegation and assertion set forth above in Complaint paragraphs 1-24 as if fully rewritten herein.

26. Allstate owes Harrison the duty of good faith handling, dealing and resolution of claims

5

presented to it under her policy.

27. Allstate is not reasonably justified in its manner of adjusting, handling and/or dealing with Harrison with regard to the subject claim including having unreasonably delayed investigation, adjusting and resolution of the claim, among other unjustified failures.

28. Because of Allstate's conduct and lack of reasonable justification in timely adjusting and resolving this claim within the one-year contractual limitation period, Plaintiff Harrison has been forced to file suit against Allstate to protect her rights.

29. Allstate has breached its obligation of good faith dealing with Harrison and proximately caused her damages as a result in an amount to be determined at trial.

30. As the direct and proximate result of Farmers' failure to act in good faith and without reasonable justification Harrison is entitled to an award of punitive damages, including an award of attorney's fees, against Allstate in an amount to be determined at trial but not less than $100,000.

WHEREFORE, Plaintiff Linda Harrison demands judgment against Defendant Allstate Vehicle and Property Insurance Company for compensatory damages in an amount to be determined at trial, not less than $50,000.00, and punitive damages in an amount to be determined at trial, not less than $100,000.00; reasonable attorney fees and expenses; and her cost of suit.

Respectfully submitted,

/s/ ERIN B. MOORE
ERIN B. MOORE (#0061638)
GREEN & GREEN, Lawyers
Trial Attorney for Plaintiff
Linda Harrison
800 Performance Place
109 North Main Street
Dayton, Ohio 45402-1749
Tel 937.224.3333
Fax 937.224.4311
Email: ebmoore@green-law.com

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.

/s/ ERIN B. MOORE
ERIN B. MOORE

TO THE CLERK –

Please issue service upon the defendant at the address located in the caption pursuant to Rule 4.1 and/or 4.3 of the Ohio Rules of Civil Procedure.

/s/ ERIN B. MOORE
ERIN B. MOORE